UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOBACCO TOWNSHIP,

          Plaintiff,                         Case No. 13-12331
                                                    Honorable Thomas L. Ludington

v.

BOYCE HYDRO, LLC,

          Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY WITHOUT PREJUDICE AND GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

Tobacco Township faces a difficult question: Can this Court infringe upon the authority of the Federal Energy Regulation Commission (FERC) which regulates all hydroelectric dams under the Federal Power Act? Or, does Tobacco Township's request for relief respect FERC's authority to regulate hydroelectric dams and merely seeks information necessary to perform its lawful responsibilities?

The case was removed to this Court on May 28, 2013 by Boyce Hyrdro, LLC. It involves Tobacco Township's complaint, which seeks declaratory relief that would prevent Boyce from "commencing work on the dam project on Wixom Lake" in Gladwin County, Michigan. *See* Pl.'s Compl., *attached as* Notice of Removal Ex. 1, ECF No. 1. Boyce was ordered by FERC to make alterations to the dam's spillway in order to comply with federal safety standards. The dam produces hydroelectric power, and thus falls under FERC's authority. Tobacco Township requests that Boyce prove its ability to fund the dam project before it is allowed to lower lake water levels and commence construction.

But Boyce has already acknowledged that it "does not have the funds to complete the spillway alterations as has been ordered by FERC." Def.'s Am. Mot. Dismiss 3, ECF No. 5.

Indeed, "Boyce has been directed to begin the process of license surrender if it is unable to timely make the required spillway alterations." *Id*. at 4.

So, on June 4, 2013, Boyce filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although Boyce styled its motion as one under Rule 12(b)(6), the Court believes it unambiguously seeks dismissal of Tobacco Township's complaint pursuant to Rule 12(b)(1).  The motion expressly states that the defect presented by Tobacco Township is want of subject matter jurisdiction, as "[d]am safety is within the exclusive purview of FERC and a collateral attack on matters within FERC's exclusive purview may not be maintained."  Def.'s Mot. 10, ECF No. 5.  Boyce then requests that this Court "dismiss or refer the matter to FERC pursuant to the primary jurisdiction doctrine." *Id*. at 11.

While Boyce's motion remains pending, Tobacco Township filed a motion to compel discovery on June 18, 2013.  Boyce responded with a motion to stay discovery pending determination of the motion to dismiss on June 21, 2013, and then filed an amended motion the same day.

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  And as recognized by the District of Columbia Circuit, "[a] plaintiff has no *right* to discovery in opposing a motion under 12(b)(1)." *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987).  Again, although Boyce's motion appears under Rule 12(b)(6), because it primarily challenges this Court's subject matter jurisdiction over the dispute, "only the court, not the plaintiff (or defendant) can elicit information outside the pleadings." *Id*.  Thus, Tobacco Township's motion to compel will be denied without prejudice (of course, if the Court determines it does have subject matter jurisdiction over the case, Tobacco Township will be

permitted to re-file its motion).  Further, Boyce's amended motion to stay discovery will be granted.  The case cannot proceed without the Court first addressing the challenge to its exercise of subject matter jurisdiction.

Accordingly, it is **ORDERED** that Tobacco Township's motion to compel discovery, ECF No. 7, is **DENIED** without prejudice.

It is further **ORDERED** that Boyce's amended motion to stay discovery, ECF No. 9, is **GRANTED** pending resolution of the motion to dismiss.

Dated: June 25, 2013                                          s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2013.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS